TRUSTEES OF MASONIC HALL AND ASYLUM FUND v. FOUNTAIN
ELECTRICAL FLOOR BOX CORPORATION.

(Circuit Court of Appeals, Second Circuit.   November 10, 1914.)

No. 46.

1. PATENTS (§ 276*)—ACTIONS FOR INFRINGEMENT—QUESTIONS FOR JURY.
   In an action at law for infringement of a patent, the questions of in-
   vention and infringement are in general both questions of fact, which
   may properly be submitted to the jury under proper instructions.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 240, 432-434;
   Dec. Dig. § 276.*]

2. PATENTS (§§ 274, 276*) — VALIDITY AND INFRINGEMENT — FLOOR BOX FOR
   ELECTRIC CONDUCTORS.
   The verdict of a jury, finding that the Krantz patent, No. 738,688, for a
   floor box for electric conductors, was not anticipated, disclosed invention,
   and was valid and infringed, held rendered under proper instructions
   and sustained by the evidence.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 240, 419-421, 432-
   434; Dec. Dig. §§ 274, 276.*]

In Error to the District Court of the United States for the Southern
District of New York.

On writ of error to the District Court for the Southern District of
New York to review a judgment for 75 cents and costs, entered in
favor of the plaintiff for damages for the infringement of the third
claim of letters patent No. 738,688, granted to Hubert Krantz, Sep-
tember 8, 1903, for floor boxes for electric conductors.

For opinion below, see 210 Fed. 169.

Paul Goodrich, of New York City, and John H. Roney, of Pitts-
burgh, Pa., for plaintiff in error.

Samuel E. Darby and Fred Francis Weiss, both of New York City,
for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge.   [1] This was an action at law to recover
damages for the infringement of a patent granted to Hubert Krantz
for an improved floor box into which the main conductors of an elec-
tric circuit enter from conduits and in which means are provided for
attaching wires for the supply current for lamps, motors or the like.
Two questions are presented:   First, did the plaintiff's assignor
(Krantz) make an invention?   and second, does the defendant in-
fringe?   These were both questions of fact.   The defendant below
moved that the court take these questions from the jury and instruct
them to find for the defendant.   We think the jury were entitled to
pass upon these questions and it was entirely proper for the judge, if
indeed it was not his duty, to send them to the jury.   The damages
were only nominal and the verdict was, of course, based upon the facts
here in evidence.   It does not prevent a different result from being
reached upon different facts relating to invention and infringement.
The issue was a comparatively simple one.   The questions of infringe-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment and invention upon which the jury passed were carefully explained to them by the trial judge upon proper instructions and their verdict was fully sustained by the proof. The construction of the claim by the court that it was not limited to a sleeve secured to the floor box in the precise method shown in the specification and drawings was not open to criticism.

[2] We have examined the supplemental brief submitted by the plaintiff in error but find nothing therein to induce us to change our opinion that the cause was properly tried. The Krantz patent No. 726,945 was carefully considered by the trial judge in his charge to the jury and in his opinion on the motion to set aside the verdict. The question of abandonment was left to the jury upon instructions carefully explaining the issue, and their verdict should not be disturbed, even if the question were properly presented by exception.

We have not been able to discover any exception to the charge which presents the question now argued. The defense of abandonment was fully explained to the jury and the last words of the judge to the jury were:

"Gentlemen, you will take this case, and if you find that this was invention, and it was not anticipated, *and it was not abandoned*, and if you find that the defendant's structure here infringes, and that the plaintiff is entitled to damages, then you will find a verdict for 75 cents for the plaintiff."

Nothing need be added to the opinion of the District Judge in denying the motion for a new trial.

The judgment is affirmed with costs.