FOUNTAIN ELECTRICAL FLOOR BOX CORPORATION v. STEEL CITY ELECTRIC CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 222.

PATENTS ☞297—SUIT FOR INFRINGEMENT—PRIOR ADJUDICATIONS.

A verdict of a jury, on which judgment was rendered, finding a patent valid and infringed, does not preclude a court of equity from exercising an independent judgment on those issues, on a motion for preliminary injunction in a subsequent suit between the same parties, but involving a different structure, and where the evidence may not be the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ☞297.

Operation and effect of decision in equitable suit for infringement, see note to Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, refusing a preliminary injunction to restrain alleged infringement of United States patent No. 738,688 issued September 8, 1903, to Herbert Krantz for a floor box.

Fred Francis Weiss, of New York City (S. E. Darby, of New York City, of counsel), for appellant.

J. H. Roney, of Pittsburgh, Pa. (Paul M. Goodrich, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LACOMBE, Circuit Judge. An action at law for infringement of the same patent was heretofore brought against the trustees of Masonic Hall. The cause was tried with a jury, which upon the evidence before it decided the two questions of patentable novelty and infringement in favor of the plaintiff. Appeal was taken to this court. In our opinion affirming the judgment (218 Fed. 642), we said:

"These were both questions of fact. * * * We think the jury were entitled to pass upon these questions, and it was entirely proper for the judge, if, indeed, it was not his duty, to send them to the jury. The damages were only nominal, and the verdict was, of course, based upon the facts here in evidence. It does not prevent a different conclusion being reached upon different facts relating to invention and infringement."

The device found to infringe in the Masonic Hall Case (C. C. A.) 218 Fed. 642, was installed by defendant in this case, which itself conducted the defense in the earlier case. Complainant contends that in view of that circumstance preliminary injunction should have issued in the case at bar. In denying the motion Judge Hough said:

"A jury has found as a matter of fact that there was infringement. Assuming that the same evidence were used here, I should be of the opposite opinion, as I do not think a tiltable cover set in a cement to be the equivalent of a screwed sleeve."

In the Masonic Hall Case a motion had been made in the trial court to set aside the verdict as against the weight of evidence, and denied; but the writ of error did not bring the question of the propriety of that decision before us for review. There was conflicting evidence, and, whatever might be our opinion as to the weight of evidence, the verdict of the jury in that case could not be disturbed. That, however, will in no way prevent this court from deciding the question of fact upon the evidence in another record, when that question is presented in a suit in equity, where we are the triers of the facts.

Under these circumstances, we are not inclined to hold the District Judge in error for refusing to grant injunction to restrain the device which defendant is now making, until upon the trial it shall appear whether or not, upon testimony therein to be introduced, the device which defendant is now marketing infringes the claim of the patent.

Order affirmed.