## HURIN v. ELECTRIC VACUUM CLEANER CO., Inc.

. (Circuit Court of Appeals, Sixth Circuit. April 9, 1924.)

No. 3970.

1. **Contracts ⟲169, 176(3)—Language construed in light of circumstances; rule stated as to questions for court and for jury.**

All language must be interpreted in the light of circumstances in which it is set, and if there be any reasonable doubt as to what those circumstances are, there is a question for the jury; but the construction of a writing is for the court, though it involves a consideration of attendant circumstances not in dispute.

2. **Patents ⟲276—Circumstances stated under which there was no question for jury.**

In an action for alleged infringement, where there was no substantial dispute as to technical terms, or meaning affecting the interpretation of the claims, and no substantial dispute as to function or component elements of the alleged infringing device, there was no question for the jury.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Patents ⬳276—Proper interpretation of patent held for court.**

Where the only difference between expert witnesses was not as to any technical meaning or circumstances, but as to the proper interpretation of the patent in the light of the undisputed prior art, the question was for the court, and not for the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Silas E. Hurin, executor, etc., against the Electric Vacuum Cleaner Company, Inc. Judgment for defendant was entered on a directed verdict, and plaintiff brings error. Affirmed.

Harold E. Smith and Wm. L. Day, both of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, on the brief), for plaintiff in error.

Charles Neave, of New York City (White, Cannon & Spieth, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. This is an action at law for alleged infringement of the patent of David C. Walter, No. 1,014,027, issued on January 9, 1912, relating to a pneumatic carpet sweeper. At the close of the testimony the court directed a verdict for the defendant, on the ground that there was no issue of fact for the jury to decide. The plaintiff alleges that the court below erred in not leaving the question of infringement to the jury.

It is unnecessary for us to consider the facts at length. They are carefully analyzed and set forth in the opinion of the trial judge. With his interpretation of the patent and other evidence adduced, we concur, save that, in so far as his opinion may imply that an infringing device must embody a separable ventilating fan, it is unnecessary to pass upon it.

We also agree with the court below that the question of infringement on the record involved no issue of fact for the jury. The case, in our judgment, falls within the doctrine laid down by the Supreme Court in Singer Mfg. Co. v. Cramer, 192 U. S. 265, 275, 24 Sup. Ct. 291, 295 (48 L. Ed. 437), to the effect that, if—

"It is apparent from the face of the instrument that extrinsic evidence is not needed to explain terms of art therein, or to apply the descriptions to the subject-matter, and as we are able from mere comparison to comprehend what are the inventions described in each patent and from such comparison to determine whether or not the Diehl device is an infringement upon that of Cramer, the question of infringement or no infringement is one of law and susceptible of determination on this writ of error."

Or, as stated in De Loriea v. Whitney, 63 Fed. 611, 618, 11 C. C. A. 355 (C. C. A. 1st Cir.):

"So far as concerns what is for the court and what for the jury, there is no essential distinction between patents for inventions and other instruments. Primarily, the construction of all of them is for the court; and yet all such, even obligations under seal, and, under some circumstances, solemn records of judicial tribunals, have relation to disputed facts which must be determined by the jury before the construction can be finally settled. In such instances the issue is often spoken of as one of mixed law and fact. Yet the

doubtful facts being determined the construction remains for the court, though the form where verdicts are general and not special may have a different appearance. Where the facts are not in dispute, or, if in dispute, are so clearly proven and of so clear effect that they come within the rules for directing verdicts, the construction of the instrument remains throughout practically for the court, even though under the form of directing the jury what determination to make."

See, also, Western El. Co. v. Robertson, 142 Fed. 471, 478, 73 C. C. A. 587 (C. C. A. 2d Circ.), where the court uses similar language. Cf. Black Diamond Co. v. Excelsior Co., 156 U. S. 611, 618, 15 Sup. Ct. 482, 39 L. Ed. 553.

The plaintiff in error relied upon Battin v. Taggert, 17 How. 74, 15 L. Ed. 37; Bischoff v. Wethered, 9 Wall. 812, 19 L. Ed. 829; Tucker v. Spalding, 13 Wall. 453, 20 L. Ed. 515; Royer v. Schultz Belting Co., 135 U. S. 319, 10 Sup. Ct. 833, 34 L. Ed. 214; Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199, 39 L. Ed. 263; Keyes v. Grant, 118 U. S. 25, 6 Sup. Ct. 974, 30 L. Ed. 54. The argument might be made from some of the language of the Supreme Court in some of these cases that the construction of patent documents is so different from that of other documents that they almost invariably, if not invariably, involve issues which cannot be resolved by a consideration of the writings alone, and which consequently must be submitted to the jury under proper instructions. Thus Mr. Justice Bradley, in Bischoff v. Wethered, 9 Wall. 812, 815 (19 L. Ed. 829), states:

"Indeed, the whole subject-matter of a patent is an embodied conception outside of the patent itself, which, to the mind of those expert in the art, stands out in clear and distinct relief, whilst it is often unperceived, or but dimly perceived, by the uninitiated. This outward embodiment of the terms contained in the patent is the thing invented, and is to be properly sought, like the explanation of all latent ambiguities arising from the description of external things, by evidence in pais."

But he finally concludes (page 816) as follows:

"This view of the case is not intended to, and does not, trench upon the doctrine that the *construction* of written instruments is the province of the court alone. It is not the *construction of the instrument*, but the *character of the thing invented*, which is sought in questions of identity and diversity of inventions."

[1] In case of a controversy as to the construction of a patent claim, it may usually be true, but not necessarily so, that a substantial issue of fact for the jury, resting on extrinsic evidence, is involved. And this seems to have been the case in the citations relied upon. But, if it had been the intention of the Supreme Court, in the cases cited, to lay down an inflexible rule, such rule could not be reconciled with the doctrine more recently announced in the Singer Case, supra, which commends itself to us as a matter of principle and binds us as a matter of precedent. Of course, all language must be read and interpreted in the light of the circumstances in which it is set, and if there be any reasonable doubt as to what those circumstances are, there is a question for the jury. But the construction of a writing is for the court, notwithstanding the construction involves a consideration of attendant circumstances not in dispute. Empire Fuel Co. v. Lyons, 257 Fed. 890, 895, 169 C. C. A. 40 (C. C. A. 6th Cir.).

[2, 3] In the instant case, the lower court did not exclude any evidence in pais, but, after hearing all that was adduced, concluded, and in this conclusion we concur, that there was no substantial dispute as to technical terms or meaning affecting the interpretation of the claims, and no substantial dispute as to function or component elements of the alleged infringing device. There was therefore no question for the jury. The only real difference between the expert witnesses, as the court below pointed out, was not as to any technical meaning or circumstance, but as to the proper interpretation of the Walter patent in the light of the undisputed prior art. That was a question for the court, not for the jury.

Affirmed.