## SINCLAIR REFINING CO. v. REFINERS OIL CO.

### No. 6571.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1935

852

H. H. Altick and W. M. Matthews, both of Dayton, Ohio (Matthews & Matthews, of Dayton, Ohio, and W. R. Allen, of Chicago, Ill., on the brief), for appellant.

Samuel S. Markham, of Dayton, Ohio (Irvin G. Bieser and McMahon, Corwin, Landis & Markham, all of Dayton, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Action by appellant for money claimed to be due for gasoline purchased under a written contract. Two defenses were interposed: First, payment in full; second, accord and satisfaction. The case was tried to a jury which returned a verdict for appellee.

The pertinent terms of the contract are as follows:

"Price based on the official tank wagon market price of the Standard Oil Company of Ohio of 17¢ per gallon on gasoline as prevailing in Dayton, Ohio, as of October 22nd, 1923, and is to take full advance or decline of such tank wagon market price. Such advance or decline to be applied only when effective in the majority of said Standard Oil Company of Ohio stations in Ohio."

Appellant contends that under this provision, during the period from June 24, 1924, to July 22, 1924, inclusive, the official tank wagon market price of the Standard Oil Company of Ohio was 19 cents per gallon. Appellee contends that it was 19 cents per gallon on all deliveries under 500 gallons in amount; that over that amount the price was 17 cents per gallon; that appellee was a quantity consumer, and hence required to pay only the wholesale price. It is conceded that during this period both a wholesale and a retail price were charged by the Standard Oil Company of Ohio. If appellee's contention is correct, and if the wholesale price falls within the terms of the contract above given, appellant has been paid in full.

Two principal errors are urged:

(1) That the court erred in refusing to instruct the jury to return a verdict in favor of appellant upon its motion made at the close of all the evidence.

(2) That the court erred in refusing to dismiss the second defense.

The construction of an unambiguous contract is for the court. Empire Fuel Co. v. Lyons, 257 F. 890 (C. C. A. 6); Hurin v. Electric Vacuum Cleaner Co., Inc., 298 F. 76 (C. C. A. 6); Standard Oil Co. v. Wright Oil Service Co., 26 F.(2d) 895 (C. C. A. 4). However, when such construction depends not merely upon the language used, but upon collateral facts and the inference to be drawn therefrom, the question becomes one of fact or a mixed question of law and fact. Rankin v. Fidelity Trust Co., 189 U. S. 242, 252, 253, 23 S. Ct. 553, 47 L. Ed. 792; Canadian National Ry. Co. v. George M. Jones Co., 27 F.(2d) 240 (C. C. A. 6); Hettrick Mfg. Co. v. James A. Shepherd & Co., 295 F. 10 (C. C. A. 6).

Here it was competent to show, and it was shown, that in the particular trade the words "official tank wagon market price of the Standard Oil Company of Ohio" had a peculiar and special trade meaning, and that the parties being members of that trade must have understood the words in that special sense. Western Petroleum Co. v. Tidal Gasoline Co., 284 F. 82 (C. C. A. 7).

In accordance with these rules, both parties introduced testimony as to the meaning of the phrase. Two witnesses for appellant defined the term respectively as "the official price set by the proper authorities," and "the published price as announced by the Standard Oil Company of Ohio from time to time as the price changed." Another witness for appellant said that "the best evidence of the official tank wagon price of the Standard Oil of Ohio at any given time was the Standard Oil Company of Ohio itself."

On behalf of appellee, the manager of the bulk station sales department of the Standard Oil Company of Ohio defined the phrase as the "price at our bulk plant * * * the delivered price to the filling station or service station, to the dealer." He identified and read an official letter authorized by the board of directors of the Standard Oil Company of Ohio and sent out by the marketing committee on June 17, 1924, placing in effect as of June 23, 1924,

two official tank wagon market prices, one a wholesale price of 17 cents for all purchases over 500 gallons, the other a price of 19 cents for purchases of less than that amount, effective in all bulk stations in Ohio for the period in controversy, which prices were announced to the division managers throughout the state. This evidence was not controverted, and was corroborated in material points by two other officials of the Standard Oil Company. Statements made that the tank wagon market price as published in trade journals during this time was 19 cents without any different wholesale rate are not conclusive, as against this testimony coming from witnesses for both parties.

It is urged that prior to June 23, 1924, a wholesale tank wagon market price had never been placed in effect by the Standard Oil Company of Ohio. Since the parties chose to contract for a price to be fixed in the future by the authorities of the Standard Oil Company of Ohio, they contemplated whatever price or prices, wholesale or retail, these authorities might fix.

The court did not err in submitting the case to the jury.

Upon the second point, we do not consider the question of accord and satisfaction. The record does not contain the charge of the court, and hence does not disclose that the second defense of the amended answer was submitted to the jury.

The judgment of the District Court is affirmed.