## COULTER et al. v. EAGLE & PHENIX MILLS.*

Circuit Court of Appeals, Fifth Circuit.
November 2, 1929.

No. 5551.

*Rehearing denied December 14, 1929.

Henry D. Gaggstatter, of Columbus, Ga., for appellants.

H. H. Swift, of Columbus, Ga., and Hector M. Holmes, of Boston, Mass. (Fish, Richardson & Neave, of Boston, Mass., and Slade & Swift, of Columbus, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing a bill to enjoin the infringement of a patent. The decree was entered at the conclusion of a hearing upon bill and answer of a motion for preliminary injunction, but that hearing was conducted in open court before the District Judge, who heard the oral testimony and had before him the prior patents relied on by appellee in its answer to disclose the state of the prior art, and who reached the conclusion that the infringement alleged had not been, and in the nature of the case, could not be sustained.

The patent in suit is the Coulter patent, No. 1,671,855, issued May 29, 1928. Its declared object was to provide a bunch builder for winding yarn on a bobbin in a more substantial and level manner than that attained by bunch builders then in general use, to the end that the overlapping and falling off of yarn would be obviated, and thus prevent waste of material in changing bobbins. It is explained in the specifications that the bunch builder would cause the yarn to wind on the base of the bobbin traversely

in the form of the figure 8, and thus remain firmly in position. The specifications describe a complete bunch builder machine, one of the elements of which was a cam in the form of a disk "having a fluted or corrugated edge to provide alternately disposed grooves and lobes. The grooves are of greater length than the lobes." The drawings add nothing to this description. Claim 1, which is typical of the other claims, reads as follows:

"In a bunch builder for spinning machines a counter-balanced rock shaft provided with a rocker member, a rotatable, spring controlled means riding against and travelling off said member for actuating it to intermittently rock said shaft in one direction during successive thread winding periods against the action of its counter-balance, means for connecting said shaft to a spindle carrying rail for vertically moving the latter on the actuation of said shaft, releasable means engaging with said rotatable means for imparting a sliding action or pull to cause it to travel over and off and rock said member."

Claim 3 describes the "rotatable, spring controlled means" of claim 1 as a "spring controlled rotatable cam device." In the modern loom the shuttle is replenished with bobbins automatically and without stopping. The loom is equipped with mechanism, called a "feeler," which strikes against the bunch at the base of the bobbin until the yarn is so nearly exhausted that other mechanism is brought into play, by which a full bobbin is forced into the position of the empty bobbin. The object of the bunch is to supply enough yarn to last in the weaving operation until the change of bobbins takes place. If the bunch falls down, the feeler causes a change to be made before the yarn on the disappearing bobbin is used up. This results in waste of yarn, and in "mispicks" or missing threads in the cloth. It has been the object of a number of patents to build a firmer bunch, and one that would stand up against the feeler until the proper moment arrives for substituting the filled bobbin.

The idea of a traverse winding by means of a corrugated cam is old in the art, and has been used in the main service winding for 40 or 50 years. Patents specifying corrugated cams for bunch winding antedated the patent in suit, among them being patents issued to Thompson, Muheim, and Truesdale, in each of which a corrugated cam with curves of greater length than the lobes was shown in the drawings. The evidence discloses that appellee was using a cam that

was the same as, or very similar to, the one which it is claimed is covered by the Coulter patent, but on spinning machines which it is admitted did not otherwise infringe that patent.

■ It is insisted that the court erred in dismissing the bill on a motion for preliminary injunction. If it appeared as a matter of law from documentary evidence disclosing the prior art that there was no infringement, it was proper to end the litigation by dismissing the suit. Mast, Foos & Co. v. Stover Mfg. Co., 177. U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856.

■ ■ Appellants rely upon the peculiar shape of the cam device of the Coulter patent to sustain their claim of infringement. It is not denied that corrugated cams for bunch builders were known to the prior art and were shown by prior patents; but it is said that they did not solve the problem as efficiently as does the Coulter cam. It is settled by the patent laws that "the claims measure the invention" (Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122), and that what is not claimed is left open to the public. The claims of the Coulter patent did not include a corrugated cam of a particular shape or form, but only one which should be spring-controlled, and become.engaged and disengaged automatically in a way that, so far as appears, was not disclosed by the prior art. The claims of the patent are not helped out by reference to the drawings and specifications, for they, too, fail to disclose that any essential feature of the patent was to be found in a newly designed or unusual form of corrugated cam. Infringement cannot, therefore, be predicated upon the use by appellee of a corrugated cam that was known to the prior art. It is not contended that appellee made use of any other element covered by the claim of the Coulter patent.

The decree is affirmed.