## ELEVATOR APPLIANCE CO., Inc., et al. v. BROOKS et al.

### No. 180.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1939.

Thomas A. Hill, of New York City, for appellants.

H. C. Bierman, of New York City, for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Elevator Appliance Co., Inc., as exclusive licensee, and Harry R. Cullmer, as owner, brought suit for alleged infringement of two patents, numbered respectively 1,945,734 and 2,060,283. They relate to electro-mechanical locks to be used in the hatch-way of self-service elevators. The suit was originally brought against Brooks and his sister, Mrs. Brozozowski, doing business under the firm name of Eastern Elevator Co., but after the intervention of Harry Leon, the manufacturer of the locks alleged to infringe, the plaintiffs voluntarily discontinued as against the original defendants. As to them the court dismissed the suit with prejudice, and the case went to trial as against Leon only.

It is unnecessary to enter upon any description of patent No. 1,945,734. At the opening of the trial, counsel for the plaintiffs announced their intention to disclaim all claims except 2 and 5, and asked leave to withdraw the patent from suit. Such leave was denied. As the plaintiffs offered no evidence in support of their cause of action on this patent, the final decree held claims 2 and 5 not infringed. Although errors were assigned to the court's rulings in respect to this patent, they have not been briefed nor argued on the appeal. We shall affirm the decree as to it without further discussion.

Patent No. 2,060,283 is for "elevator car control." It relates to an electro-mechanical lock to be installed in the frame of an elevator hatch-way door, and mechanism for the control and operation of the elevator car. The purpose is to prevent the door leading from the hall into the elevator shaft from being opened until the car is at that floor, and to reduce to about one inch the space between the elevator car and the inner side of the hall door. Claims 2, 3, 4, 5, 17 and 20 are the claims in suit. It will suffice to quote claim 2:

"2. In an elevator hatch-way door and frame combination having a hinged elevator hatch-way door and a frame therefor, a lock operatively associated therewith, said lock extending rearwardly of the face of and within said frame and clear of the door opening thereof, electrical switches in said lock, means in combination with one of said switches for locking said door, means externally of said lock in the path of movement of an elevator car for actuating said first mentioned means, said door-

frame having an opening therethrough leading to said lock, said last mentioned means extending beyond said door and adapted to pass through said opening into said lock, means in combination with said door and permanently projecting therefrom for operating the other of said switches simultaneously with the operation of said door."

All the claims were held invalid. We find it unnecessary, however, to consider the question of their validity since there was absolutely no evidence of infringement by Leon. The only infringement attempted to be proved was the installation on Audubon Avenue. There was evidence that "G. A. L. Interlock type E" locks, shown on the drawing introduced as exhibit 3, were manufactured by Leon and were used on the Audubon installation. But Leon did not install them. Cullmer testified that the Grober Elevator Company made the installation. From whom the Grober Company obtained the locks does not appear, nor is their internal structure clearly shown. Nevertheless, we shall assume, in plaintiffs' favor, that they were purchased from Leon and were identical with the patented lock in respect to internal structure. Leon, however, can be held, if at all, only as a contributory infringer, since all of the claims in suit call for "an elevator hatch-way door and frame combination having a hinged elevator hatch-way door and a frame therefor, (and) a lock operatively associated therewith, said lock extending rearwardly of the face of and within the frame." Hence Leon's lock is not an infringement of the claims in suit unless it is mounted in a certain way. There is no evidence whatever that Leon's lock must necessarily be set "rearwardly of the face of and within the frame"; nor any proof that Leon knew it was to be so set. Indeed, as actually mounted in the Audubon installation the lock was not wholly within the frame but projected about an inch into the elevator well. But assuming that this was sufficient to constitute infringement, Leon is not chargeable with it. Before one can be held for contributory infringement, he must knowingly have done some act without which the infringement would not have occurred; at least, either he must know that the element he sells will be used in the patented combination or the element must be adapted for no other use. See Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U. S. 325, 337, 29 S.Ct. 503, 53 L.Ed. 816;

Whitney v. New York Scaffolding Co., 8 Cir., 243 F. 180, 185; Barrett v. Sheaffer, 7 Cir., 251 F. 74, 80; Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733, 739; Westinghouse Electric & Mfg. Co. v. Precise Mfg. Co., 2 Cir., 11 F.2d 209, 212; Beidler v. Photostat Corp., D.C., 10 F. Supp. 628, 631, affirmed, 2 Cir., 81 F.2d 1015; Duplex Envelope Co. v. Denominational Envelope Co., 4 Cir., 80 F.2d 179, 182. In the case at bar there are neither allegations nor proof that Leon was guilty of contributory infringement, if the Audubon installation was an infringement. Therefore the decree will be modified so as to dismiss the bill for noninfringement, without passing upon the validity of the claims of patent No. 2,060,283. As thus modified it is affirmed.