## KARL KIEFER MACH. CO. v. UNITED STATES BOTTLERS MACHINERY CO.

No. 15980.

District Court, N. D. Illinois, E. D.

March 1, 1939.

Offield, Melhope, Scott & Poole, of Chicago, Ill., for plaintiff.

Langdon Moore, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

Defendant's motion to dismiss plaintiff's complaint must be allowed in part and denied in part.

The motion will be allowed as to Patent No. 1,572,150.

The bill alleges that the defendant is infringing this patent. By a bill of particulars the plaintiff is relying only upon Claim 3. In response to interrogatories propounded by the plaintiff the defendant has produced a blue print of the accused device. In support of its motion to dismiss, defendant contends that the court may consider the bill of complaint, the bill of particulars and the blue prints fur-

nished in response to plaintiff's interrogatories. This position seems to be well taken. In support of this position defendant cites an opinion by Judge Tuttle of the Eastern District of Michigan in Bradt v. Kelsey-Hayes Wheel Corp., 14 F.Supp. 709, 29 U.S.P.Q. 439 and quotes the pertinent parts of the opinion.

Claim 3 of the Kiefer Patent specifies as an element "filling tubes mounted on and moveable with the single exhaust conductor." The bill of particulars and the exhibits show that the defendant's filling tubes are not mounted upon a single exhaust conductor. The omission of this element is sufficient to avoid the charge of infringement.

The motion will be denied as to Patent No. 1,880,257.

■ Defendant in its brief asks the court, on this motion to take into consideration a number of matters that transpired on former litigation between the same parties and also to take into consideration a German patent, which is neither pleaded nor shown by any exhibit.

The Court is of opinion that the extraneous matters urged upon its consideration as a reason for dismissing the bill as to this patent may not, on this motion, properly be considered. Excluding the extraneous facts which the court is asked to consider, the bill seems to state a good cause of action.