## KARL KIEFER MACH. CO. v. U. S. BOTTLERS MACHINERY CO.
### No. 6985.

Circuit Court of Appeals, Seventh Circuit.
Dec. 18, 1939.

Clarence E. Mehlhope, of Chicago, Ill., and Allen & Allen, of Cincinnati, Ohio (Gibson Yungblut and Theodore Greve, both of Cincinnati, Ohio, of counsel), for appellant.

Langdon Moore, of Chicago, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This was a complaint charging appellee with the infringement of two separate and distinct patents by two separate and distinct acts of infringement, and praying for an injunction and accounting.

Prior to filing an answer, appellee moved to dismiss the bill on the ground of failure to state a claim upon which relief could be granted. After due consideration the District Court, on March 1, 1939, 27 F. Supp. 300, dismissed the bill as to patent No. 1572150, not staying the enforcement of its judgment, and ordered that appellee answer the bill in so far as it pertained to patent No. 1880257. The notice of appeal was filed May 27, 1939 and appellee moved to dismiss the appeal.

Appellee now contends that the appeal should be dismissed because it was from an interlocutory decree and was not

taken within thirty days as required by Title 28, § 227 U.S.C.A. On the other hand, appellant insists that the decree dismissing the bill was a final decision, that § 128 of the Judicial Code as amended, 28 U.S.C.A. § 225 authorizing appeals from final decisions governs, and that the proper procedure for such appeal is established by § 73 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We believe the appellant is correct in its contention.

■■■ The words "final decisions" mean the same thing as "final judgments and decrees", Ex Parte Tiffany, 252 U.S. 32, 36, 40 S.Ct. 239, 241, 64 L.Ed. 443. A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. 3 Blackstone's Comm. 395. In determining whether a decree or judgment is interlocutory or final, the character of the decree or judgment is an important factor to be considered, and it should be borne in mind that a decree or judgment is the law's last word in a judicial controversy and may be defined as the final consideration and determination of a court upon matters submitted to it in an action or proceeding, 15 R.C.L. 569. A final decree or judgment is one that puts an end to the controversy between the parties litigant. Merriman v. Chicago & E. I. R. Co., 7 Cir., 64 F. 535, 547.

In the instant case, the order of March 1, 1939, 27 F.Supp. 300, dismissing the bill as to patent No. 1572150 finally adjudicated and determined the rights of the parties as to that patent, leaving the case in such a condition that if there be an affirmance here the court will have nothing to do but to execute the decree. Merriman v. Chicago & E. I. R. Co., supra.

We think we find support for our conclusion in Collins v. Metro-Goldwyn Pictures Corp et al., 2 Cir., 106 F.2d 83, 84, and cases cited therein, notwithstanding the fact that the question as to whether the appeal was timely was not before the court. In that case the court said:

"There is a manifest inconvenience in deferring the review of the disposition of a claim, though it has been finally disposed of, until other separable claims have been adjudicated, especially in view of the extensive provisions made by the new Rules of Civil Procedure * * *. This consideration was undoubtedly the reason for the adoption of Rule 54(b). * * *

"Conferring power to enter separate judgments at various stages, appear to have been designed to meet the difficulties arising from these liberal joinder provisions.

"* * * They indicate a definite policy to treat a judgment on a separate claim as so far final that it may be enforced by execution. It would clearly be held appealable if capable of immediate enforcement. * * * It seems unlikely that such a judgment, whether or not enforceable, is not to be regarded as final for purposes of appeal."

The motion to dismiss the appeal is overruled.