## BANKE et al. v. NOVADEL–AGENE CORPORATION.

No. 9003.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1942.

As Amended on Denial of Rehearing
Aug. 28, 1942.

J. Shurly Kennary, of Detroit, Mich. (Charles W. Chylinski, of Highland Park, Mich., on the brief), for appellants.

Morris Hirsch, of New York City (Daniel G. Cullen, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

On March 8, 1938, Marcel Banke filed his bill against Novadel-Agene Corporation and others, in which he averred that the defendants therein infringed his patents Nos. 1,983,285 and 2,003,532, by manufacturing, selling and using devices for cooling beverages. On May 9, George A. Gloor, a joint owner of the patents, was joined as party plaintiff. On April 19, 1939, on motion of defendants therein, this suit was dismissed by District Judge Lederle, as to all defendants before the court, by summary judgment under Rule 56(b) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c. No appeal was taken.

George M. Gaffney and Rose Gaffney, doing business as Dry Ice Convertor Company, were also named as parties defendant to the bill. No further steps were taken until December 4, 1939, when District Judge Tuttle entered a default judgment as to them, restraining them, " * * * from making, using, selling or offering for sale, aiding, abetting, assisting or encouraging or inducing others to make, use or sell any article and particularly any cooling, aerating or dispensing devices made in accordance with or embodying the invention described and claimed in United States Letters Pat-.ent 1,983,285, issued the 4th day of December, 1934, and Patent No. 2,003,532, issued the 4th day of June, 1935, or either of them, or from infringing upon or violating any of the rights secured by said Letters Patent or either of them."

Acting upon this ex parte injunction, Marcel Banke, one of the plaintiffs, in February, 1940, wrote seven letters,—one to Novadel, one to its codefendant and customer, the Tivoli Brewing Company, and five to other customers. He enclosed with each letter a copy of the injunction and charged its addressee with being co-infringers of patent 1,983,285 and requested them to cease and desist from "doing any of the things mentioned and commanded in the injunction." Thereupon Novadel, on March 25, 1940, filed the bill in the present case and sought therein to obtain injunctive relief not only for itself but for its customers and on the next day moved for a preliminary injunction. This motion was heard by Judge Tuttle on April 15, 1940, upon affidavits pro and con, and was granted. On November 25, 1940, Banke and Gloor, defendants to the ancillary suit, filed a motion to modify the preliminary injunction, which was denied by Judge Tuttle on December 9 following, and on the same day the Judge made the injunction permanent by the following decree:

"Plaintiff having shown this Court that the issues decided on the motion for preliminary injunction herein do not admit of any contrary decision on final hearing.

"Now, therefore, on consideration thereof and on Motion of Daniel G. Cullen, attorney for plaintiff, it is ordered, adjudged and decreed:

"1. That the order for Preliminary Injunction, issued out of and under the seal of this Court on April 15, 1940, be and the same hereby is made permanent.

"It is accordingly ordered that a permanent injunction issue out of and under the seal of this Court enjoining and restraining the defendants, Marcel Banke, and George A. Gloor, their associates,

clerks, agents, servants, and employees, and each of them, from directly or indirectly charging anyone with violation of defendants' alleged rights under United States Patents Nos. 1,983,285 and 2,003,-532, or either of them or with the violation of the Decree Pro Confesso dated December 6, 1939 against George M. and Rose G. Gaffney in Equity No. 8343 in this Court, or the Injunction issued pursuant to such decree, and from threatening anyone in writing or by word of mouth or otherwise with suit for infringement, direct or contributory or with contempt proceedings, civil or criminal, by reason of the manufacture, use or sale of the equipment of plaintiff, Novadel-Agene Corporation, as identified by Exhibit A attached to the Bill of Complaint, when used in the manner indicated in said Exhibit; that is, when the brew is propelled from the keg either by carbon dioxide gas or air connection as indicated on the rear page of Sheet 2 of said Exhibit, and further enjoining the said defendants from the actual bringing of any suit in any Court in the premises."

The appeal is from this decree.

Appellants' principal contentions are that appellee, Novadel, and its customers to whom the letter had been sent, were using its Kooler-Keg system for dispensing beer from kegs protected by patent 1,983,285; that Judge Lederle in the decree of April 19, 1939, had not adjudged that such use did not infringe the patent; that the decree against the Gaffneys adjudged that it did so infringe and that appellants therefore should not be prevented from taking steps to protect themselves against such infringement.

It must be kept in mind that the default decree against the Gaffneys was not binding upon appellee. The effective decree as between appellants and appellee was that of April 19, 1939, by Judge Lederle, from which no appeal was taken. It therefore becomes necessary to determine just what that decree did decide.

In his fourth finding of fact Judge Lederle said,—

"4. The device shown in Exhibit A attached to plaintiff's motion for bill of particulars, filed on May 27, 1938, does not infringe upon any of the claims of the patents in suit." .

And his conclusion of law was that "the above mentioned Exhibit A does not con-

stitute an infringement of any of the claims of the patent in suit. * * *" Exhibit A is a circular of eight pages. Upon its first page is the picture of the outside of a beer keg upon which appears the words, "It's In The Keg." Upon the third page is a cutaway illustration of the inside of a keg showing the cooling tube through which cold water circulates. On the fourth page is an illustration of how the ice water circulates through the beer filled keg; and on the seventh page is another cutaway picture of a keg accompanied by an article on "How the Kooler-Keg System Works."

In its answer to a motion for a bill of particulars filed in the original suit, the plaintiffs therein, appellants here, admitted that "Exhibit A describes the specific construction, installation and method of operation charged to be an infringement." We have not seen copies of the patent in issue before Judge Lederle but it is clear enough that Exhibit A disclosed the method or system by which the beer is cooled.

■ We conclude therefore that the construction shown in Exhibit A and the method or system of operation disclosed therein both were matters in issue before Judge Lederle and were concluded by his judgment or decree. See United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 70 A.L.R. 1447. Appellants were bound by that decree as between the parties before the court.

■ Complaint is made of alleged vital irregularities in the procedure resulting in the permanent injunction. Appellants claim that they had no notice that such an injunction would be sought. Assuming merit in this contention, the defect was cured by a rehearing on December 17, 1940, sought by appellants and at which all interested parties were present. At this rehearing the motion of appellants to set aside the permanent injunction was denied.

■ Finally, it is claimed that Judge Tuttle, upon the hearing before him, should have reviewed and set aside the order of Judge Lederle by which the original case was dismissed. The answer to this is that the decision of Judge Lederle was final; and as Judge Tuttle said,—"The issues decided on motion for preliminary injunction herein do not permit of any contrary decision on the final hearing." See Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 491, 20 S.Ct. 708, 44 L.Ed. 856.

Affirmed