## BROWN v. FORD MOTOR CO.

### No. 3944.

District Court, E. D. Michigan, S. D.

Nov. 15, 1944.

Robert D. Heitsch, of Pontiac, Mich., for plaintiff.

I. Joseph Farley, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

Plaintiff, Grant C. Brown, who is not an attorney, filed a complaint in his own behalf charging the defendant, Ford Motor Company, with infringement of United States Letters Patent No. 1,603,899, for which he claimed damages in the amount of one and one-half billion dollars. Before answering, defendant filed a motion for bill of particulars, and plaintiff filed a bill of particulars. Thereupon, defendant moved for more definite and further particulars. After some delay, plaintiff retained counsel to represent him and filed an amended answer to the defendant's demand for more specific bill of particulars.

In its answer, defendant denied infringement, alleged that patent in suit was invalid and further that plaintiff was guilty of laches because he had permitted defendant to manufacture and sell millions of the accused devices from 1927 to the date the complaint was filed, during which time plaintiff did nothing about it other than write a letter in July, 1935, in which he charged defendant with infringement of the patent in suit.

Several pre-trial hearings were held in an attempt to narrow the issues, which culminated in entry of a formal pre-trial order to this effect. Prior to the trial date set in this pre-trial order, defendant filed a motion for summary judgment in accordance with Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. At the hearing of this motion, defendant produced in court a specimen of each of the accused devices, identified by

the same letters as the devices disclosed by the photographic illustrations included in the defendant's motion for a bill of particulars, and counsel for plaintiff conceded that these were the exact devices which he claimed constituted the infringement. Defendant also furnished the court with a device constructed in accordance with the teaching of plaintiff's patent and charts illustrating the three claims of the patent in suit. It was also agreed that, in considering the motion, the court could consider the file wrapper history of the patent in suit, a certified copy of which was received in evidence. Affidavits of E. J. Farkas, Robert E. Curry, Alanson P. Brush, Fred C. Fisher, and Alfred Wood were also filed with the motion.

In his complaint, the plaintiff aptly described the device disclosed in his patent as follows:

"The substance of said patent, so far as this controversy is concerned, is that it provides a method by which the force applied to the braking apparatus on an automobile is simultaneously equalized at all four wheels of the automobile."

Claim 1 of the patent, which is the only claim plaintiff's counsel seriously contended was infringed, reads as follows:

"A vehicle having in combination four wheels, a brake device on each of said wheels, brake actuating members for each of said brakes, a single shaft disposed transversely of the vehicle chassis, equalizing means interposed between the respective brake actuating members for the front wheels, equalizing means interposed between the respective brake actuating members for the rear wheels, equalizing means interposed between the said two mentioned equalizing means, means for operatively connecting all of said equalizing means to said single shaft and a single member connected to said third mentioned equalizing means for operating said mechanism to apply the brake devices on all of said wheels simultaneously at fixed relative pressures."

The object the patent applicant had in mind at the time of filing the application was to avoid the necessity for having the brakes carefully adjusted on all four wheels and at the same time, make it possible to "simultaneously equalize the pressure on each of the four brake drums." In his specifications, he states (line 109, p. 2):

"If the brakes or the shoes 9 on one of the wheels should set or come into locked position before the other the rod 23 connected to said brake will cease its longitudinal motion or be held from longitudinal movement and the other bar 23 will continue to move until the brake on the corresponding wheel has been set or engaged. If the brakes on the front wheels should be set before the brakes on the rear wheels, bar 27 will cease to move, as will also lever 28, and the motion of lever 25 and bar 24 will continue until the brakes on the rear wheels are set. This differential motion between the levers 25 and 28 is accomplished through the equalizing bar 30, said bar simply swinging about its pivotal connection with the operating rod 32, if one of the levers 25 or 28 is held against movement. It will thus be seen that there is an equalizing means between the brakes for the two front wheels and there is also an equalizing means between the brakes for the two rear wheels. It will also be clear that there is an equalizing means between the actuating means for the front and rear wheels which is the bar 30. It is certain, therefore, that all of the brakes will be engaged and if one of the brakes engages before the other, its actuating means will simply be arrested and the actuating means for the other brakes continued in motion until all of the brakes are set."

It is apparent that the device disclosed in the patent accomplishes this equalizing of pressure on the four brakes by means of three levers which operate on the same principle as an evener or doubletree, commonly used with horse-drawn vehicles. These elements are clearly shown on Exhibit H, the illustrative model of the device disclosed in the patent which is colored red and numbered 24, 27 and 30 to correspond with the numbering used in Fig. 5 of the patent drawings. The combination disclosed in the patent is extremely simple. It is not necessary to have the testimony of those expert in the art to aid the court in understanding the operation of either the device disclosed in the patent or the accused structures.

None of the defendant's devices which the plaintiff claims as infringements have the "equalizing means" 24, 27 and 30 and because these elements are eliminated, elements 28, 28c, 25, 29, 31 and 26 are likewise eliminated. In order to have the defendant's devices operate with equal force upon the brakes of the four wheels, it is necessary to have them carefully adjusted. Having eliminated the equalizing means

claimed in the patent, the defendant has also eliminated the function performed by these elements. The defendant's accused devices do not perform the same functions as the patented device and do not use either the elements of the patented device nor equivalents thereof.

█ It is the duty of the courts to construe the Rules of Civil Procedure so as to secure the just, speedy and inexpensive determination of every action. Rule 1. If the pleadings, depositions and admissions on file, including the admissions incorporated in formal pre-trial order, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, it is the duty of the court to enter such a judgment. Rule 56.

█ Where it appears that extrinsic evidence is not needed to explain the terms of the art or apply the descriptions to the subject matter, and it is possible for the court to determine what are the inventions claimed in the patent, and from a mere comparison of such claimed inventions with the accused devices, determine whether or not infringement exists, the question of infringement, like the construction of any other writing, is a question for determination by the court. Singer Mfg. Co. v. Cramer, 192 U.S. 265, 24 S.Ct. 291, 48 L. Ed. 437; Clark Thread Co. v. Willimantic Linen Co., 140 U.S. 481, 11 S.Ct. 846, 35 L.Ed. 521; Coffield v. Sunny Line Appliance, Inc., 6 Cir., 297 F. 609; Banke v. Novadel-Agene Corp., No. 8343, decided by this court Apr. 19, 1939 (not reported), affirmed Id., 6 Cir., 130 F.2d 99, certiorari denied 317 U.S. 692, 63 S.Ct. 324, 87 L.Ed. 554; American Fibre-Chamois Co. v. Buckskin Fibre Co., 6 Cir., 72 F. 508; Coulter v. Eagle & Phenix Mills, 5 Cir., 35 F.2d 268; Van Camp Sea Food Co., Inc., v. Westgate Sea Products Co., 9 Cir., 28 F.2d 957; Hurin v. Electric Vacuum Cleaner Co., Inc., 6 Cir., 298 F. 76; Galland-Henning Mfg. Co. v. Logemann Bros. Co., 7 Cir., 142 F.2d 700; Bradt v. Kelsey-Hayes, D.C., 14 F.Supp. 709; Gasfier Mfg. Co. v. Ford Motor Co., D.C., 1 F.R.D. 10; Meikle v. Timken-Detroit Axle Co., D.C., 44 F.Supp. 460.

█ The patent in suit is not a pioneer patent and its claims must be strictly construed. It is a patent for a new combination of old elements. The defendant's devices do not infringe the patent for the reason that they do not employ the equalizing means which is, in the language of plaintiff's complaint, "the substance of said patent."

"A combination is an entirety. If one of its elements is omitted, the thing claimed is conclusively presumed to be material to the combination and no evidence to the contrary is admissible in any case of alleged infringement. The patentee makes all the parts of a combination material when he claims them in combination and not separately." Walker on Patents, Deller's Ed., Vol. 3, p. 1695 et seq.; Van Wormer v. Champion Paper & Fibre Co., 6 Cir., 129 F.2d 428; Beegle v. Thomson, 7 Cir., 138 F.2d 875.

Therefore, it follows that defendant's motion for summary judgment should be granted and judgment should be entered dismissing the complaint, and such a judgment will be entered simultaneously with the filing of this opinion.