## LANFARE v. WOLK et al.
### Civ. A. No. 7504.

United States District Court
E. D. Michigan, S. D.

April 13, 1949.

On Motion to Modify June 10, 1949.

William J. Syring, Toledo, Ohio, for plaintiff.

John C. L. Cowen, Harness Dickey & Pierce, Detroit, Mich., for defendants.

PICARD, District Judge.

This is an action for claimed infringement. The Lanfare patent in suit, No. 2,311,763, discloses a simple pouring spout fitted into a tubular cork and adapted to be used in pouring liquors. Defendant contends that the patent is void in view of the prior art, and that the pourers or stoppers admittedly sold by defendant, Exhibits B and C, do not infringe. Defendant has ceased making and selling Exhibit C. Both parties have moved for summary judgments and the facts are not in dispute. There is, in our opinion, no genuine issue that requires further trial, and while under the several authorities this question would not usually be decided on motion for summary judgment, where both parties so request, we believe the court may properly proceed. Rubenstein v. Silex Co., D.C., 73 F.Supp. 336; Brown v. Ford Motor Co., D.C., 57 F.Supp. 825.

#### Conclusions of Law

It is our opinion that plaintiff has received a patent on a very limited claim, which is as follows:

"A plastic unit closure embodying a tubular section, a spout section, and an intermediate cap portion therebetween including a skirt toward and about the tubular section away from the spout section, said skirt having therein a ledge adapted to limit the extent of stopper entrance thereinto, there being further communication provision from such ledge outward inside the skirt, and inward along the tubular section away from the spout, to the end that there is provided a vent with an intermediate chamber adjacent the ledge."

The Patent Office examiner had before him all prior art seriously urged at the hearing except the so-called Anderson sanitary milk bottle cover, Patent No. 1,409,-812. Lanfare's patent having the essential features of the Bullard nursing bottle stopper, Patent No. 194,859, all other claims of the patentee were rejected and then cancelled by Lanfare except the lone claim above granted.

This court is not persuaded that on the face of the showings made in connection with these motions that plaintiff's patent should or should not have been granted, but it is not necessary for us to decide this question at this time.

However, the issue of infringement is something entirely different, and this court believes that there is as much novelty and distinction in defendant's pourers from the patented device as there is difference between the plaintiff's patented article and the Anderson pourer. That these stoppers accomplish practically the same result is immaterial because under the case of Keith v. Charles E. Hires Co., 2 Cir., 116 F.2d 46, plaintiff is barred from resorting to the doctrine of equivalents in attempting to interpret claims to cover defendant's devices. By canceling his broader claims the patentee dedicated the subject matter thereof to the public. He is held, therefore, to a narrow, not a broad interpretation of the single claim he was able to retain.

We have compared both accused stoppers with plaintiff's patented liquid pourer. All three, the patented device and defendant's Exhibits B and C, have

" a tubular section, a spout section, and an intermediate cap portion therebetween including a skirt toward and about the tubular section away from the spout section."

The next part of the claim, however, is where there appears to us to be a very material difference. The patented device reads: "said skirt having therein a ledge adapted to limit the extent of stopper entrance thereinto."

In the patented device the ledge is really in the skirt, and in conjunction with the cork it defines a chamber. In the accused devices the ledge is not formed in the skirt in the sense of being part of the skirt itself. It therefore has no intermediate chamber as signified at the end of the claim reading: "there is provided a vent with an intermediate chamber adjacent the ledge."

In the accused device, Exhibit B, there is no such intermediate chamber because the cork is held away from forming an intermediate chamber by the ledge. In Exhibit C there is no ledge as claimed. In the patented device the cork forms the intermediate chamber by fitting inside the intermediate cap portion, and seating against a ledge, formed in the skirt itself, to coact in such a way as to define the claimed "intermediate chamber." There are no parts in the accused devices coacting in this claimed manner to define an intermediate chamber.

Plaintiff claims that defendant's device would infringe if used with a large cork. Even if this were true, there should be some evidence that defendant sold the accused devices with the knowledge and intent that they would be used with larger corks. Actually, however, there would still be no coaction between the cork and a ledge formed in the skirt, as defined in the claims, so there would still be no infringement. At most this allegation would amount to one of "contributory infringement" and here plaintiff makes no charge of "contributory infringement." Incidentally, defendant points out that plaintiff's device will not function with the larger cork that plaintiff desires to impose upon defendant so that defendant's device will infringe. Elevator Appliance Co. v. Brooks, 2 Cir., 101 F.2d 703.

While plaintiff's Exhibit C of defendant's first marketed pourer shows an article that is closer to the patented device than defendant's Exhibit B, it nevertheless in our opinion is sufficiently different structurally from the Lanfare patent as not to infringe.

It is our holding, therefore, that defendant is entitled to summary judgment.

### On Motion to Modify.

The plaintiff having filed a motion for rehearing, urging modification of the court's

opinion which made no holding on the validity of plaintiff's patent in suit, No. 2,311,763, to the end that the patent be ruled valid and the court having heard counsel for the parties, considered the motion, arguments thereon, and the briefs submitted.

It is therefore ordered, that the opinion in the above entitled cause, dated April 13, 1949, be, and hereby is modified so that the court holds plaintiff's patent in suit, No. 2,311,763, be valid.

It is further ordered that defendant's accused devices are found not to have infringed plaintiff's patent.