**Lazzaro V. VILLANI, Plaintiff,**

v.

**INDUSTRIAL SHOE MACHINERY CORPORATION, Defendant.**

**Civ. A. No. 61–1050.**

United States District Court
D. Massachusetts.

Nov. 1, 1962.

Paul A. Carbone, Boston, Mass., for plaintiff.

Joseph Zallen, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action in which the plaintiff, Lazzaro V. Villani, seeks a declaration that his patent, No. 2,908,023, is infringed by defendant's patent No. 2,929,082. Plaintiff also seeks injunctive relief against further infringement, money damages on account of past infringement, money damages for unfair competition, and attorney's fees. Plaintiff is a resident of, and defendant a corporation organized under the laws of, the Commonwealth of Massachusetts. Jurisdiction is invoked under 28 U.S.C. 1338(a).

Defendant filed an answer which denied both infringement and unfair com-

petition, set forth a counterclaim for injunctive relief against harassment by plaintiff in making allegedly unfounded charges of infringement, and reasonable attorney's fees. The defendant has moved for summary judgment, on the grounds that the record demonstrates non-infringement and that there has been no unfair competition as a matter of law.

The record presently consists of the complaint, answer, defendant's interrogatories to plaintiff, plaintiff's sworn answers thereto, defendant's motion for summary judgment, two affidavits with certain exhibits attached thereto filed in support of the motion for summary judgment, and copies of both patents.

Plaintiff's patent describes the device which it covers as a "box toe heating device" and bears the date October 13, 1959. Defendant's patent describes the device it covers as a "steam box for shoe manufacturing" and bears the date March 22, 1960. Plaintiff's application was filed March 25, 1957; defendant's application was filed March 17, 1958.

An examination of the respective claims of the two patents indicates that plaintiff's device includes as a necessary element thereof an "upstanding flange," referred to in the patent as a "forwardly projecting horizontal flange." Defendant's device includes no such flange.

The question of whether or not there is an infringement must be decided with reference to the claims of the patent which "measure the invention." Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122. In a combination patent such as involved herein, every element or ingredient is presumed to be material, and even the omission of a non-essential element from a combination patent is sufficient to avert a charge of infringement. See Walker on Patents, Dellers Ed., Vol. III, Sec. 461, p. 1695, and cases cited therein.

An examination of the patents involved herein makes it clear that there is omitted from the allegedly offending

patent one of the elements contained in plaintiff's patent, namely,

> "an upstanding flange provided at the inner edge of the platform, said upstanding flange being horizontally undulated whereby to provide at the inner edge portion of the platform a plurality of spaced concave toe-receiving bays in the upper chamber of said housing extending along said back wall and spaced forwardly therefrom, a horizontal ledge provided at the upper edge of said upstanding flange and extending back to said back wall."

■ No contention is made that the doctrine of equivalents has any application here, and it would appear from a reading of the patents that no invocation of that doctrine could be made herein since it cannot be said that there is either an identity of function or a substantial identity of way of performing that function as between the two patents. See Walker on Patents, supra, sec. 466, and cases cited.

■ A motion for summary judgment may properly be granted in a patent case, as in other cases where there is no genuine and triable issue of material fact. The statement made by Judge Ford of this Court in Steigleder v. Eberhard Faber Pencil Co., 81 F.Supp. 143, at 146:

> "From comparison of the characteristics of the patented device, as set forth in the patent claims, and the corresponding characteristics of the accused devices * * * it is possible to undestand without extrinsic expert evidence the nature of the patented invention, and to determine that the alleged infringing devices do not contain all the elements set forth in the patented claim, nor mechanical equivalents thereof, and that the elements which both have in common produce their results by different modes of operation."

applies to the facts in the instant case. In such a case the question of infringement is one of law which can be properly decided in a motion for summary judgment. Young v. Ralston-Purina Co., 88 F.2d 97 (C.A.8).

Plaintiff likewise seeks recovery for unfair competition, and alleges in Paragraph VI of his complaint that "plaintiff disclosed in confidence to the defendant details of his invention and defendant has and is competing unfairly with the plaintiff by making use of this confidential relationship. * * *" In answer to defendant's Interrogatory No. 9, "When did you first communicate with the defendant with respect to your box toe heating device," plaintiff answered "May or June 1957;" and in answer to defendant's Interrogatory No. 10, "Describe the details of such first communication," plaintiff answered "Left photograph with Mr. Rubey of Diamond Shoe and he showed it to Industrial Shoe's agent." Plaintiff's answers to defendant's Interrogatories 11 and 12 indicate that the first personal meeting he ever had with any officer, employee, or attorney of defendant, did not take place until he met Mr. Joseph Zallen, attorney for the defendant, at Mr. Zallen's office in Boston in October of 1959. This meeting took place in the same month that plaintiff's patent was issued, some 18 months after plaintiff had filed his application therefor.

■ These answers of plaintiff to the defendant's interrogatories establish that he premises his claim of unfair competition on his leaving of a photograph of his invention with one Mr. Rubey and upon his assumption that thereafter Mr. Rubey turned the photograph over to the defendant. Affidavits filed in support of the motion for summary judgment establish the fact that no "Mr. Rubey" was ever an officer, employee or agent of defendant, and also establish that plaintiff's reference to Mr. Rubey was, in fact, a reference to Emanuel H. Rubin, Vice President and General Manager of Diamond Shoe Corporation. These answers to interrogatories show that plaintiff's evidence falls far short of the type of evidence required to sustain a claim for unfair competition. In them plaintiff

neither claims nor shows any element of secrecy or confidentiality connected with the disclosure to Mr. Rubey, nor does he claim or show any improper conduct on the part of the defendant with regard to the use of the photograph left with Mr. Rubey. See Restatement of Torts, sec. 757.

1. Defendant's motion for summary judgment is allowed.

2. Plaintiff is hereby permanently enjoined from threatening or bringing any suit against defendant or any customer of the defendant, or from making any representations to any person engaged in the shoe manufacturing, shoe distributing, shoe machinery manufacturing, or shoe machinery distributing business, to the effect that the defendant has or is infringing Patent No. 2,908,023 of the plaintiff or that the defendant is unfairly competing with the plaintiff's rights in his patent by use of defendant's patented device.

3. I decline to award damages, attorney's fee, or costs, to the defendant.