**GRAPHICANA CORPORATION,**
**Plaintiff-Appellant,**

v.

**BAIA CORPORATION, Defendant-**
**Appellee.**

**No. 72–1555.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 4, 1972.

Decided Jan. 30, 1973.

Burton L. Lilling, New York City, Henry A. Marzullo, Jr., of Lilling & Siegel, New York City, Talivaldis Cepurtis, Kalamazoo, Mich., on brief, for plaintiff-appellant.

Duncan F. Beaman, Beaman & Beaman, Jackson, Mich., for defendant-appellee.

Before PECK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

PECK, Circuit Judge.

The appellant is the owner of Patent No. 3,561,146 for a photograph display device consisting of a transparent, hollow cube, an inner foam cube which serves to hold five photographs against the sides and top of the outer cube for display, and a mar-proof base. The appellant markets a device under the name "Graphicube"; the appellee markets a concededly identical device under the name "Baia Instamount Photo Cube."

The appellant's complaint charged the appellee with patent infringement for marketing the appellant's patented device and with unfair competition for utilizing the appellant's merchandise for the purpose of soliciting orders for the appellee's account. Upon motion by the appellee for summary judgment, the District Court found that the appellee's device did not infringe upon the appellant's patent because it lacked one of the elements of that patent, and therefore the Court granted the appellee's motion for summary judgment, and this appeal was perfected.

At the outset, we note that the validity of the patent is not in issue. The sole question on the issue of infringement is whether the Baia Instamount Photo Cube falls within the scope of the claims of the appellant's patent. Claim No. 1 of the patent in suit is directed to a photographic display apparatus comprised of (a) a hollow, rigid, transparent plastic outer member of substantially polyhedral configuration, (b) a resilient inner member of the same configuration as the outer member, and (c) a mar-proof base means. The devices in issue are composed of two elements; no separate element serves as a "mar-proof base."

Every element of a claim charged to be infringed must be found in the accused device and the omission of any one element precludes infringement. F. M. C. Corp. v. F. E. Myers & Bro. Co., 384 F.2d 4, 10 (6th Cir. 1967); Brown v. Ford Motor Co., 57 F.Supp. 825, 827 (E.D.Mich.1944). This Court

has held that an inventor cannot by the mere use of the word "means" appropriate any and all kinds of devices which may perform the specified function or any other mechanism or device than that which is described in the patent or which is its mechanical equivalent. Ford Motor Co. v. Gordon Form Lathe Co., 87 F.2d 390, 392 (6th Cir. 1937); Cincinnati Milling Machine Co. v. Turchan, 208 F.2d 222 (6th Cir. 1953).

These principles notwithstanding, the appellant contends that the appellee's device infringes because the mar-proof base means is incorporated into the parts of the device as it is manufactured; that the two elements perform the three functions of claim No. 1 because the device as practiced does not scratch the supporting surface. We cannot agree with this contention.

 Although it is true that two elements of a device, as claimed in a patent, may be combined into one element which then serves two functions, that argument fails in this case because neither of the elements of the device in question serves as a "mar-proof base means." Obviously the plastic outer member is not mar-proof; quite the contrary since it is the effects of the hard edges and sharp corners of this member that the mar-proof base means is designed to protect against. Similarly, the inner foam member cannot serve as a mar-proof base means since on any given device this member might be flush with or might be shorter than the rigid sides of the outer member. An examination of the exhibits filed with the Court and a careful reading of the patent and the record warrants the conclusion that this inner member was not designed to and cannot serve as a means of protecting the supporting surface.

 Noninfringement as a matter of law may be decided upon a motion for summary judgment when there is no genuine issue of material fact, and when it is possible to understand without extrinsic expert evidence the nature of the patented invention, and to determine that the alleged infringing device does not contain all the elements set forth in the patent claim, or the mechanical equivalents thereof. Smith v. General Foundry Machine Co., 174 F.2d 147 (4th Cir), cert. denied, 338 U.S. 869, 70 S.Ct. 144, 94 L.Ed. 533 (1949); Villani v. Industrial Shoe Machinery Corp., 210 F.Supp. 298 (D.C.Mass.1962); Brown v. Ford Motor Co., 57 F.Supp. 825 (E.D. Mich.1944).

 With respect to the summary judgment on the issue of unfair competition, we cannot, on the basis of the undisputed facts in the record before us, hold that the District Court's finding that there was no palming-off is clearly erroneous. Inasmuch as the material facts were not in dispute, and inasmuch as there can be no unfair competition with respect to an unpatented article where there is mere copying and no palming-off, Sears, Roebuck & Company v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), the summary judgment granted by the District Court on this issue will not be disturbed.

For the foregoing reasons, the judgment of the District Court is affirmed.