**GLOBAL POWER COMPANY, Plaintiff,**

v.

**PANEL SYSTEMS, INC., et al., Defendants.**

No. 82–3519.

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 13, 1983.

Robert I. Thompson, Jr., Waverly, Tenn., John B. Hardaway III, Greenville, S.C., for plaintiff.

Fred Cowden, Jr., Nashville, Tenn., Marshall W. Sutker, Chicago, Ill., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

This case is before the Court on motion for summary judgment. The defendants, Panel Systems, Inc., and William L. Spratt, have moved for a holding that their product, a prefabricated insulation panel, does not infringe the patent owned by the plaintiff Global Power Company, Patent No. 3,961,461. The defendants claim that the patent is unenforceable against them because of differences between the products and because of limitations placed on the patent during proceedings before the United States Patent and Trademark Office in order to distinguish the plaintiff's invention from the prior art. The defendants seek dismissal of the suit as well as attorney's fees under 35 U.S.C. § 285, claiming that the plaintiff should have known the defendants had not infringed their patent and that the suit was deliberately wrongful.

The central issue under this motion is whether the defendants have reproduced on their panel a foot flange with specified functions. The plaintiff has admitted that the claims under patent "require a foot flange with specified functions clearly set forth in the [patent] claims." (Plaintiff's Response to Defendants' Statement of Material Facts at 2). The plaintiff contends that the Panel Systems Panel does indeed possess a foot flange. Both insulation panels are designed to insulate boilers and heaters with a minimum of heat loss and weather damage. Neither panel needs to be attached with screws piercing the insulation and neither panel allows moisture to penetrate through seams. It is the method of connecting the panels that is protected by the patent. Global Systems obtained its patent after much difficulty in distinguishing its panel from the prior art. The Satterfield patent (defendants' summary judgment exhibit F) protected metallic panels with attaching flanges. The Board of Patent Appeals held that the addition of insulation to panels was made obvious by a prior patent and was unpatentable. (*Id.* exhibit C1 at 4). The Board held that "the manner in which the panels are interfitted at their abutting edges so as to overlap" was the only difference between the prior art and the connecting system of the plaintiff's panel, but refused to protect that system because it found the overlapping to be an obvious change. (*Id.* at 4–5). After the plaintiff amended his claims to stress differences between its product and the prior art, the patent examiner finally allowed the patent.

 The elements of the plaintiff's claim, the specific limitations under which the patent office accepted the claim, amount to a surrender of subsequent claims of infringement by products which do not possess those elements within the limitations. Once a person surrenders claims by limitations and amendments, these limitations are regarded as material; one may not subsequently recapture claims thus surrendered. *Exhibit Supply Co. v. Ace Patents Corp.*, 315 U.S. 126, 136–37, 62 S.Ct. 513, 518–19, 86 L.Ed. 736 (1942). A court is bound by limitations in the patent history and changes made in the claim to secure its allowance.

There are several limitations on the foot flange at issue in this case. Before the Board of Patent Appeals, the plaintiff distinguished prior art by stressing that its foot flange was "projecting rearward" and "subsequently parallel to said top flange." (Defendants' Summary Judgment Motion Exhibit C1 at 2, 3). The plaintiff also emphasized that the "foot flange is seated upon the top flange of the subjacent panel." (*Id.* at 2; Adams Declaration to Patent Office, Exhibit 16 at 2). The Board of Patent Appeals stressed that the foot flange and connecting flange provide a "square corner for receiving the upper square edge of the subjacent panel." (Defendants' Summary Judgment Motion Exhibit C1 at 4).

The plaintiff's crucial amendments to its claim stressed that the insulation is received *"snugly* between *and against "* the top flange and the foot flange, (*id.* Exhibit C2 at 3 (emphasis in original)), and that the foot flange terminates in a rear edge, (*id.* at 2). The limitations described in the

amendments to the claim appear in the final patent. (*Id.* Exhibit A). Thus, the foot flange element of the plaintiff's patent must project rearward, be substantially parallel to the top of the subjacent panel, be seated on the top flange of the subjacent panel, terminate in a rear edge, and, along with the top flange, snugly receive the insulation.

All elements which make up a combination claim are deemed material and necessary so that omission of one element avoids all charges of infringement. *Strumskis v. United States*, 200 Ct.Cl. 668, 474 F.2d 623, 627–28, *cert. denied*, 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973). "Accordingly, the absence of even one element and its equivalent function of a claimed invention places the accused device outside the coverage of the claims." *Teledyne McCormick Selph v. United States*, 214 Ct.Cl. 672, 558 F.2d 1000, 1008 (1977). The foot flange element of the plaintiff's claim clearly is not reproduced on the Panel Systems panel. The defendants will therefore be granted summary judgment.

The Panel Systems panel employs a tongue and groove interconnection rather than a foot flange. The bottom of the panel contains a groove which does not project rearward, is not parallel to the top of the subjacent panel, does not sit directly upon the tongue of the subjacent panel, terminate in a rear edge, or snugly *receive* or support the insulation between itself and the top flange. The Panel Systems panel has neither a foot flange nor a substitute that performs the same functions. In fact, the interlock system employed in the Panel Systems panel is more like the Satterfield patent, which the plaintiff distinguished in applying for its patent.

The plaintiff has claimed that the groove is a flange, contending that "bending a piece of structure does not eliminate that piece." (Hearing transcript at 16; Adams deposition at 26). Beyond the obvious conclusion that the groove does not stick out as a flange does, the structural difference in the Panel Systems panel has altered the functions of the bottom of its panel. The method of interconnection is dramatically different. The Panel Systems panel has lost, because of its structural differences, a central function of the Global Power panel—the ability to be removed without removing all surrounding panels.

The plaintiff's recent attempt to paint the groove as a flange conflicts with the inventor's prior testimony (original Adams deposition at 84–85), as well as common sense. Nor does the affidavit of Mr. Lackey, which the plaintiff has submitted, alter this Court's conclusion. Lackey merely concluded that all elements of the Global Power panel were infringed by the defendants, including the foot flange. The evidence from an expert witness for the plaintiff giving a different meaning to easily understandable terms such as flange and tongue and groove "is, of course, not binding on the Court, and can be disregarded." *Thabet Manufacturing Co. v. Kool Vent Metal Awning Corp.*, 226 F.2d 207, 210 (6th Cir.1955). Mr. Lackey's affidavit is insufficient to raise a genuine issue of material fact. Because it is "possible to understand without extrinsic evidence the nature of the patented invention, and to determine that the alleged infringing device does not contain all the elements set forth in the patent claim," a summary judgment of noninfringement is proper in this case. *See Graphicana Corp. v. Baia Corp.*, 472 F.2d 1202, 1204 (6th Cir.1973).

For all of the above reasons, the defendants' motion for summary judgment will be granted. The defendants' motion for attorney's fees under 35 U.S.C. § 285 will be denied, however, because the Court is not persuaded the suit was brought in bad faith.