## EDWARDS v. HYCHEX PRODUCTS et al.

### No. 9568.

United States Court of Appeals
Seventh Circuit.

Nov. 24, 1948.

Louis Sheldon, Sidney Wallenstein, John J. McLaughlin and Casper W. Ooms, all of Chicago, Ill., for appellants.

Ephraim Banning, of Chicago, Ill., and Harry Lea Dodson, of New York City, (Harry T. Dykman, of New York City, of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER, Circuit Judge, BRIGGLE, District Judge.

MAJOR, Chief Judge.

This is an appeal from a decree, entered December 19, 1947, and adjudicating as valid and infringed all the claims (five in number) of a patent entitled "Gynecologic Instrument," issued to the plaintiff September 23, 1941.

The patent instrument, as shown and described, comprises a rod with a hook at one end and a rotatable or swivel head at the other end. On the rod are attached a plurality of hooks, as well as a plurality of serrations. The end of the rod with the rotatable or swivel head is used for the insertion of a pessary in the vagina, and the end with the hook for its removal. The plurality of hooks on the rod are for the purpose of receiving the edge or rim of the diaphragm at the time of the insertion of the pessary, and the serrations on the rod are to assist the user in holding the instrument in correct position for insertion.

While the question of validity is before us, we are of the view that the most important question is that of infringement. The defendants' instrument alleged and found to infringe is substantially the same as plaintiff's in all respects except that it has no hook on the end of the rod for the purpose of removing the pessary, as called for in all of the claims, and no serrations to assist the user in holding the instrument, as called for in some of the claims.

There is no question but that the swivel head of the patent device is the only feature which distinguishes it from similar instruments of the prior art, and if there be any patentable invention it resides in this element. In fact, plaintiff in his brief states, "That is the entire invention." Defendants, while they utilize this alleged novel element, assert they do not infringe because their instrument has no hook for the removal of the pessary and no serrations to assist the user in holding the instrument in correct position.

The principle seems to be well established that where the claims of a patent cover a plurality or combination of elements, the omission of any element avoids infringement. United States Ozone Co. v. United States Ozone Co. of America, 7 Cir., 62 F.2d 881, 889; Atkins et al. v. Gordon, 7 Cir., 86 F.2d 595, 596; Dennis v. Pitner, 7 Cir., 106 F.2d 142, 150; Engler v. General Electric Co., 2 Cir., 146 F.2d 723.

Plaintiff apparently takes no issue with this principle of law, but to avoid its application argues that the hook mentioned in the claims was merely a part of the preamble and is not to be considered as an element thereof. This contention, of course, must be evaluated in the light of the claims as written, in connection with the descriptive matter contained in the specification and drawings and not by what the plaintiff now asserts was his invention.

Claim 3 is as follows:

"A gynecologic instrument comprising a horizontal portion having a hook at one end and an arcuate portion at the other, a plurality of hooks at the top of the arcuate portion, a head rotatably mounted in the end of said arcuate portion, and means to prevent the longitudinal movement of said head."

Like claim 3, all of the claims call for an instrument "having a hook at one end," and in addition, claims 4 and 5 provide for "a plurality of serrations on said horizontal portion and a part of the arcuate portion."

In the drawings, the "hook at one end" is shown as Fig. 2, and in the specifications it is stated, "As shown in the drawing the instrument consists of a horizontal portion

1, terminating in a hook 2," and "It will be noted that a hook 2 is provided to facilitate the withdrawal of the diaphragm when it is desired to do so." It is also pertinent to note that the trial examiner in the Patent Office in a report rejecting the claims stated that " * * * the withdrawal hook * * * is included as an element in the claims." The action of the examiner in rejecting the claims was appealed to the Board of Appeals in the Patent Office, and this statement by the examiner was not criticized or denied. Moreover, in plaintiff's brief filed before the Board of Appeals it was stated, among other things, "that the means he used to attain this result is a new combination producing a new, unexpected, and useful result."

Plaintiff, in order to eliminate the terminology, "having a hook at one end," as an element of the claim, argues that it is merely a part of the preamble; in fact, it is asserted that the preamble comprises the statement "a gynecologic instrument comprising a horizontal portion having a hook at one end and an arcuate portion at the other." Thus, as it is argued, the elements of the claim are confined to (a) a plurality of hooks at the top of the arcuate portion, (b) a head rotatably mounted in the end of said arcuate portion, and (c) means to prevent the longitudinal movement of said head. We do not so interpret these claims. The patent is entitled "Gynecologic Instrument," and we are of the view that those words in the claims constitute their preamble and that the language which follows the word "comprising" (referring to claim 3) constitutes an enumeration of the elements embodied in the claim. This interpretation is not only consistent with the language of the claims but is strongly supported by the drawings, specifications and file wrapper history, as heretofore noted.

Plaintiff, in spite of his admission that his alleged invention resides entirely in the swivel head feature, admits that the language calling for "a plurality of hooks at the top of the arcuate portion" is an element of the claimed invention. If the "plurality of hooks at the top of the arcuate portion" is an element of the claim, as admitted, we see no reason why the language, "having

a hook at one end," should not also be interpreted as an element. It may be that all the plaintiff invented was a swivel head, in fact this was the feature which distinguished his instrument from the prior art, but if so, he did not claim it as such. The claims are not thus confined but they include these other elements with that in which it is now asserted invention resides. Moreover, we think it is not discernible from the claims and particularly when considered in connection with the drawings and specifications that the invention resided merely in the swivel head.

Plaintiff calls our attention to certain testimony, including that given by a witness for defendants, to the effect that defendants' instrument functions in the same manner and serves the same purpose as plaintiff's instrument. This testimony, however, compared the respective instruments only when used as an inserter. Predicated on this testimony, plaintiff relies upon and cites authorities in support of the well recognized principle that infringement cannot be escaped by the use of a device which produces the same functions in substantially the same way and accomplishes the same result as the patent. This argument begs the question. The testimony referred to had to do with the insertion feature of the two devices and not the removal feature called for in the patent but omitted from defendants' instrument.

Plaintiff also attempts to meet the situation by contending that in any event defendants, although they do not use a hook at the end of the instrument, provide for its equivalent. This contention is based on the theory that defendants' device has a plurality of hooks between the two ends of the instrument which may be used for the same purpose as the end hook, that is, for the removal of the pessary. This is a rather far-fetched argument. These hooks on the defendants' device, as on the plaintiff's and as called for in the claims, are for the purpose of stationing the pessary at the time of insertion and not as a means of removal.

For the reasons stated, we conclude that defendants' instrument does not infringe the claims in suit. The judgment is

reversed and remanded, with directions to dismiss the suit on the ground of non-infringement.

BRIGGLE, D. J. I concur in the judgment of reversal with directions to dismiss the suit but would do so on the basis of invalidity rather than non-infringement.