Richard T. KEATING, Plaintiff-Appellant,

v.

STEARNES IMPERIAL CO., an Illinois corporation, Defendant-Appellee.

No. 15038.

United States Court of Appeals Seventh Circuit.

June 22, 1965.

Charles W. Rummler, Chicago, Ill., for plaintiff-appellant, Wm. A. Snow, Rummler & Snow, Chicago, Ill., of counsel.

John D. Woodberry, Boston, Mass., Howard W. Clement, Chicago, Ill., for defendant-appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Richard T. Keating, plaintiff, appeals from a judgment in favor of Stearnes Imperial Co., an Illinois corporation, defendant, in a patent infringement suit in which plaintiff charged defendant with infringement of a patent for a high velocity oven. The district court denied plaintiff's motion to vacate its judgment, and this appeal followed.

The district court at the time it entered its judgment (October 29, 1964) filed an opinion and, at the time it denied the motion to vacate said judgment (December 16, 1964), it filed another opinion.

Both of these opinions of the district court are sustained by the evidence in the record and the law applicable thereto. Therefore, we find it appropriate, in these circumstances, to incorporate herein, with our approval, both opinions, which we adopt as the opinion of this court on appeal. In so doing, we add that we are advised that these opinions have not been officially published and our use of them will not constitute a duplicate publication.

The opinion of the district court filed October 29, 1964 follows:

This is a patent infringement action relating to a high velocity oven. Defendant moves for summary judgment, relying on the omission of a material element of the claim, a stipulation as to a material fact and the file wrapper of plaintiff's patent.

A combination patent, such as that involved here, is not infringed by an article which omits a material element of the claimed combination. See this Court's opinion in Minnesota Mining and Manufacturing Co. v. Permacel-LePage's, Inc., 222 F.Supp. 540, 544 (N.D.Ill.1963), affirmed, 334 F.2d 820, 823 (7 Cir. 1964). Plaintiff does not deny the applicability of this doctrine, but relies instead on the doctrine of equivalents.

Plaintiff's patent describes a product for baking foods with an oven chamber. This chamber is a closed area formed by the front door, top and bottom walls, the rear wall and two side walls. Surrounding the bake chamber on five sides (i. e., every side but the front) is a "continuous heating chamber" containing a heating element. The purpose of the heating element is not to heat the bottom wall of the oven chamber, but rather primarily to heat air in the continuous heating chamber.

By heating the air adjacent to the outside walls of the oven chamber, the patent attempts to prevent heat loss from the air circulating at a high velocity throughout the oven chamber. The inclusion of said continuous heating chamber surrounding the rear wall of the oven chamber is thought to be of particular importance, inasmuch as the impeller creating air turbulence is adjacent to this wall.

The patent here in question provides, in relevant part, for a "roasting and baking oven comprising * * * (b) a continuous heating chamber spaced from and surrounding the top, bottom, sides and one end wall of said closed oven chamber * * *". Defendant's product has a continuous heating chamber, but it does not surround the end or rear wall. This is accomplished by eliminating that part of the continuous heating chamber behind the rear wall, so that the rear

wall is backed-up directly onto insulating material. This outer cover of insulating material is common to both products. The parties have stipulated that there is no structure in defendant's product which heats the rear wall from outside the oven chamber, as there is in plaintiff's patent. Thus, unless the doctrine of equivalents applies, a material element of the combination claimed by the plaintiff has been omitted in defendant's product and defendant cannot be held liable for infringement.

Plaintiff makes two arguments relating to equivalency. First, it argues that the insulation at the rear wall also prevents heat loss. It suggests that there is no difference between the "heated air-space" method employed in its patent and defendant's use of common insulating material. Second, plaintiff calls our attention to the "purpose" of its invention and the novel arrangement of the parts taken as a whole. Were we to accept plaintiff's arguments, we would be construing the patent in a way which would enlarge its scope to cover claims rejected and cancelled in the course of prosecuting the patent application.

Plaintiff's original Claim No. 1, as revealed by the file wrapper, described an oven without a continuous heating chamber. Plaintiff's original Claims Nos. 2, 3, 5, 6 and 7 described a continuous heating chamber surrounding "at least a portion of said closed oven chamber". Original Claims Nos. 8 and 9 referred to a "method" of producing baked products using turbulent air. All of these claims were rejected by the Patent Office and cancelled. The claim which was allowed requires the continuous heating chamber to surround the oven chamber on five sides. Claims which might have been construed to cover less extensive heating chambers (such as the one in defendant's product) were denied.

■■ The law respecting patents dictates that claims cannot be con-

strued to cover items rejected or cancelled in the patent application. Moreover, the patentee may not, by resort to the doctrine of equivalents, give an allowed claim the scope which it might have had but for the rejection and cancellation of other proposed claims. Schriber-Schroth Co. v. Cleveland Trust Co., et al., 311 U.S. 211, 220–221, 61 S.Ct. 235, 85 L.Ed. 132 (1940). See also, 2 Walker on Patents, Deller's Edition, § 249 and cases cited.

■■ Defendant's product omits a material part of the combination claimed by the patentee and allowed by the patent office. By virtue of the claims rejected by the patent office and withdrawn by plaintiff, as evidenced by the file wrapper, he is estopped from asserting a construction of his patent which would cover defendant's product. For these reasons, defendant's motion for summary judgment is granted and the cause is hereby dismissed without costs.

The opinion of the district court filed December 16, 1964 follows:

This is a patent infringement action relating to a high velocity oven. On October 29, 1964, the Court filed its memorandum opinion and order granting defendant's motion for summary judgment, finding that defendant's product omits a material element of the combination claimed by plaintiff's patent and rejecting plaintiff's arguments based on the doctrine of equivalents because of file wrapper estoppel.

Plaintiff now asks the Court to vacate the judgment of dismissal and reinstate the cause. Its motion is based on three grounds: (1) that the Court erred in finding that the element of the combination patent omitted in defendant's product was a material element; (2) that the Court erred in applying the doctrine of file wrapper estoppel; and (3) that the Court should have treated the question of equivalency as a factual issue precluding summary judgment.

## I

The oven manufactured by the defendant includes a "continuous heating chamber", but omits that portion of the chamber surrounding the end or rear wall of the oven chamber. Our finding that the omitted structure is a material element of the combination is supported by patent law and by the language of plaintiff's patent. The patent recites a claim for a "roasting and baking oven comprising * * * (b) a continuous heating chamber spaced from and surrounding the top, bottom, sides and one end (rear) wall of said closed oven chamber. * * *" Plaintiff contends that the description of the continuous heating chamber is a mere environmental description or preamble rather than an element of the claim. The patent itself indicates the contrary. The language which follows the word "comprising", clearly "constitutes an enumeration of the elements embodied in the claim". Edwards v. Hychex Products et al., 171 F.2d 259, 261 (7 Cir. 1948).

■ Plaintiff, by including the description of the continuous heating chamber in its claim, established its materiality. He cannot deny its materiality in a case of alleged infringement. See 3 Walker on Patents, Deller's Edition, § 461 and cases cited.

Moreover, plaintiff states on brief that "to have utility, plaintiff's novel concept * * * requires that the oven walls be somehow heated". When this statement is read together with the patent specification referring to the "heated end wall" (Col. 3, lines 58–61), it leaves no doubt that the heating chamber surrounding the end wall is a material element of the combination claimed.

■ It is well established that a patent covering a combination of elements is an entirety and that a patentee may not subsequently contend that the same result could be achieved by eliminating one of them. Even if plaintiff is right that omitting the rear or end wall section of the heating chamber surrounding the closed oven would not materially affect the functioning of the patented device, it is not for the Court to rewrite the patent to omit one element or to ascertain whether in fact the element is essential. We deal with the patent as issued, not as it might have been issued.

## II

Plaintiff's objection to the application of file wrapper estoppel rests on two grounds. First, it points out that the patent office never required modification of its proposed claims with respect to the heating chamber element or the continuous heating chamber design in order to distinguish its invention from the prior art or secure allowance of the claims in issue. Second, it asserts that its invention lies only in the improved hot air circulation system and that it never claimed any novelty for the continuous heating chamber.

■■ Even if plaintiff was not required to withdraw the claims describing the continuous heating chamber in broad terms and replace them with a claim requiring the chamber to surround the oven on five sides, the fact remains that it did so. The scope of its monopoly is determined by the language chosen in expressing the invention. McClain v. Ortmayer, 141 U.S. 419, 423–25, 12 S.Ct. 76, 35 L.Ed. 800 (1891).

■ While the patentee now seeks to limit his invention for the purposes of this suit, he failed to confine it to a hot air circulation system at the time his patent application was approved. A similar argument was advanced in Edwards v. Hychex Products, et al., supra, and rejected by the Court of Appeals: "It may be that all the plaintiff invented was a swivel head, in fact this was the feature which distinguished his instrument from the prior art, but if so, he did not claim it as such. The claims are not thus confined but they include these other ele-

ments with that in which it is now asserted invention resides." 171 F.2d at 261. Neither objection to the application of file wrapper estoppel can therefore be sustained.

### III

■ Since we conclude that the application of the doctrine of file wrapper estoppel was not erroneous, plaintiff's arguments based on the doctrine of equivalents must also be rejected. The principle that file wrapper estoppel supersedes application of the doctrine of equivalents is covered adequately in the initial opinion filed herein.

While, as indicated, it is not necessary to consider the application of the doctrine of equivalents, it may be appropriate to observe that plaintiff's claim of equivalency is rebutted by the language of the specifications of its patent and the stipulation of facts filed in this case.

Plaintiff urges that its hot air chamber behind the rear wall of the oven is designed only to prevent heat loss from the oven, a result which defendant allegedly achieves through the use of common insulating material. The patent specifications, however, leave no doubt that the purpose of having the rear wall surrounded by the heating chamber is not only to retain heat already within the oven, but to introduce a new *source of heat*. The air chamber is designed, in plaintiff's own words, "to permit effective *heat exchange* with the interior end wall". While this may also have the effect of preventing heat loss, the reduction of heat loss by insulation cannot be equated with a structure designed to heat the rear wall. Plaintiff has stipulated that no structure in the defendant's product heats the rear wall of the oven chamber.

It is apparent, therefore, that the defendant's design does not achieve the same result as plaintiff's and the claim of equivalency would therefore not be sustained.

Plaintiff's motion to vacate judgment and reinstate the cause is denied.

For the foregoing reasons, we affirm the judgment and order from which this appeal was taken.

Affirmed.