# 1260

■■■■■■■

**LAKESIDE ENGINEERING CORPORA-
TION, a Corporation, Plaintiff,**

v.

**BELOIT CORPORATION and Beloit-Pas-
savant Corporation, a subsidiary of Be-
loit Corporation, a Corporation, Defend-
ant.**

**No. 68-C-145.**

United States District Court,
W. D. Wisconsin.

July 27, 1970.

Joseph G. Werner, and Orr, Isaksen, Werner, Lathrop & Heaney, Madison, Wis., Russell H. Clark and Hume, Clement, Hume & Lee, Chicago, Ill., for plaintiff.

Frank A. Ross, Jr., and Ross, Stevens, Pick & Ross, Madison, Wis., Frederick Leydig, Edward B. Holt, and Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., Karl I. Salzberg, Dirk J. Veneman, Beloit, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an action for infringement of the Schauss patent (No. 3,115,334), in which plaintiff charges that the defendant has directly infringed (35 U.S.C. § 271(a) ), that it has actively induced infringement (35 U.S.C. § 271(b) ), and that it has contributed to infringement (35 U.S.C. § 271(c) ). The patent covers certain equipment used in sewage treatment.

Plaintiff has moved for summary judgment on each of the three branches of its complaint. Defendants have moved for summary judgment dismissing the complaint.

Based upon the entire record herein, I find that there is no genuine issue as to the material facts set forth in the next section of this opinion under the heading "Finding of Facts."

### Finding of Facts

Plaintiff is an Illinois Corporation. Defendant Beloit Corporation is a Delaware corporation. Defendant Beloit-Passavant Corporation is a Delaware corporation which is a subsidiary of Beloit Corporation, and 51% of its stock is owned by Beloit Corporation.

Plaintiff is the owner, by assignment, of United States Patent No. 3,115,334, granted December 24, 1963, to Otto Schauss, which patent is as it appears in Exhibit A to the complaint herein. The file wrapper and contents of the application for said patent are as they appear in Exhibit 1 to plaintiff's motion for summary judgment (document #31 in the file in this court).

Defendant Beloit-Passavant Corporation has manufactured and sold for installation in a sewage treatment plant for the City of Chauncey, Ohio, an aeration rotor as shown in the photograph marked as Exhibit 5 to plaintiff's motion for summary judgment; the said

corporation has manufactured and sold similar aeration rotors to the City of Beloit, Wisconsin, to the City of Janesville, Wisconsin, and to the Continental Can Company for its sewage treatment plant at Augusta, Georgia. The aeration rotors so manufactured and sold by defendant Beloit-Passavant Corporation are fairly portrayed in Exhibits 6, 7, 8, 9, 10 and 12 to plaintiff's motion for summary judgment. The said corporation has manufactured other aeration rotors also fairly portrayed by said exhibits.

Plaintiff has made no sales of apparatus embodying the invention of the Schauss patent; one has been manufactured for the purpose of a test.

Neither of the defendants, nor any agent of either of them, has advised, instructed or suggested to a customer of either defendant that the customer could or should add anything like the rod (6) of the Schauss patent to the shaft of any aeration apparatus made or sold by either of the defendants. No customer of either of the defendants has ever added anything like the rod (6) of the Schauss patent to the shaft of any aeration apparatus made or sold by either of the defendants.

Claim 1 of the Schauss patent[1] as originally submitted to the United States Patent Office included neither the element, "keying means affixed to said rotor," nor the element, "means in said aeration star to cooperate with said keying means whereby said rotor and said beating members rotate together." In the first amendment to the application, and in response to the examiner's rejection of the claim as originally filed, the said two elements were added and they appear in the claim as allowed.[2]

In the accused device there is no keying means affixed to the rotor. In the accused device there is no means in the aeration star, the function of which means is to cooperate with a keying means. In the accused device, the "strap" is not a keying means nor is it affixed to the shaft, and the "hump" is not a keying means nor is it affixed to the shaft. In the accused device, the "hump" is not a means, the function of which means is to cooperate with a keying means. (Plaintiff makes no contention that the accused device contains equivalents to the said two means.)

### Conclusions of Law

The following two elements of claim 1 of the Schauss patent are material elements: "Keying means affixed to said shaft" and "means in said aeration star to cooperate with said keying means whereby said shaft and said beating members rotate together. Moreover, plaintiff is estopped by the file history from contending that either of the said two elements is immaterial. Keating v. Stearnes Imperial Co., 347 F.2d 444, 447 (7th Cir. 1965). Because two material elements of claim 1 of the Schauss patent are not incorporated in the accused device, there is no infringement; this conclusion would follow if only one of the two material elements was not found in the accused device. Minnesota Mining & Mfg. Co. v. Permacel-Le Page's, Inc., 334 F.2d 820, 823 (7th Cir. 1964).

Because there has been shown no actual infringement of the Schauss patent by any one, neither of the defendants has been shown to have been contributorily negligent, and neither has been shown to have induced infringement.

Defendants are entitled to summary judgment declaring that they have not infringed plaintiff's patent and dismissing plaintiff's action.

### Order

Upon the basis of the entire record herein, it is ordered that the plaintiff's motion for summary judgment is hereby denied, and

1. Claims 2 and 3 are dependent on claim 1; if claim 1 is not infringed, claims 2 and 3 cannot be infringed.

2. In the claim as allowed the word "shaft" replaces "rotor" in the quoted portions.

It is further ordered that judgment be entered herein declaring that neither defendant has infringed United States Patent No. 3,115,334, and

It is further ordered that defendants' motion for summary judgment is granted, and that judgment be entered forthwith dismissing the complaint herein on its merits, with prejudice, and with costs to the defendants.

It is further ordered that further proceedings be had herein with respect to defendants' second counterclaim.